**O**
**JS-6**

# United States District Court
# Central District of California

ELISA DELBOUX ANTUNES,

        Plaintiff,

   v.

IRENE MARTIN et al.

        Defendants.

Case № 2:25-cv-05629-ODW (KSx)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [25]**

## I.      INTRODUCTION

Plaintiff Elisa Delboux Antunes brings this action against Defendants Irene Martin, Director of Los Angeles Field Office of U.S. Citizenship and Immigration Services ("USCIS"); Kristi Noem, Secretary of U.S. Department of Homeland Security ("DHS"); Angelica Alfonso-Royals, Acting Director of USCIS; Pam Bondi, U.S. Attorney General; and Kash Patel, Director of Federal Bureau of Investigation alleging that USCIS's denial of her petition to lift the conditions on her permanent residence violated the Administrative Procedure Act ("APA"). (First Am. Compl. ("FAC"), Dkt. No. 22.) Defendants now move to dismiss Antunes's First Amended Complaint for lack of jurisdiction. (Mot. Dismiss ("Motion" or "Mot."), Dkt. No. 25.) For the reasons discussed below, the Court **GRANTS** Defendants' Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND[2]

Antunes is a citizen of Brazil.  (FAC ¶ 1.)  On January 27, 2022, she received conditional residency status based on an approved Form I-130 Petition filed by her U.S. citizen wife.  (*Id.* ¶ 7.)  On December 12, 2023, Antunes filed her Form I-751 Petition to Remove Conditions on Residency ("I-751").  (*Id.* ¶ 8.)  On November 4, 2024, she filed her Form N-400 Application for Naturalization ("N-400").  (*Id.* ¶ 10.)  On March 19, 2025, USCIS interviewed Antunes.  (*Id.* ¶¶ 11–12.)

On June 20, 2025, Antunes initiated this action to compel adjudication of her then pending I-751 petition and N-400 application.  (Compl., Dkt. No. 1.)   On August 19, 2025, USCIS denied Antunes's I-751 petition.  (FAC ¶ 14; Decl. Maureen Killian-Larios ISO Mot. ("Killian-Larios Decl.") Ex. 2 ("I-751 Decision"), Dkt. No. 25-1.)  USCIS determined that Antunes married her spouse "solely to obtain an immigration benefit."  (I-751 Decision.)  Thus, USCIS found that Antunes failed to meet her burden to show that she entered into her marriage in good faith.  (*Id.*)  USCIS's decision indicated that Antunes "will have the opportunity to seek review of this decision in removal proceedings before an immigration judge."  (*Id.*)

On September 10, 2025, USCIS denied Antunes's N-400 application on the grounds that Antunes's marriage was not a "bona fide marriage" as it was "entered solely for the purpose of obtaining immigration benefits."  (Killian-Larios Decl." Ex. 3 ("N-400 Decision"), Dkt. No. 25-1.)[3]  On September 18, 2025, USCIS issued a Notice to Appear ("NTA") and placed Antunes in removal proceedings. (Killian-Larios Decl. Ex. 4 ("NTA"), Dkt. No. 25-1.)[4]

---

[2] All factual references derive from the First Amended Complaint or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion to dismiss.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] The Court incorporates by reference USCIS's decision denying Antunes's N-400 application.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (permitting incorporation by reference where "document forms the basis of the plaintiff's claim").

[4] The Court incorporates by reference USCIS's NTA.  *See Ritchie*, 342 F.3d at 908.

On September 23, 2025, Antunes filed a First Amended Complaint, omitting her unreasonable delay claims and challenging instead USCIS's denial of her I-751 petition under the APA.  (FAC ¶¶ 45–68.)  Antunes seeks (1) declaratory relief under the APA, (2) injunctive relief, and (3) attorneys' fees and costs under the Equal Access to Justice Act.  (*Id.*, Prayer for Relief.)

Defendants move to dismiss Antunes's First Amended Complaint under Federal Rules of Civil Procedure ("Rule" or "Rules") 12(b)(1) and (b)(6).  (Mot.)

**III.    LEGAL STANDARD**

**A.    Rule 12(b)(1)**

Under Rule 12(b)(1), a district court must dismiss a complaint when the court lacks subject matter jurisdiction, which includes when a plaintiff lacks constitutional standing.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Because standing . . . pertain[s] to a federal court's subject-matter jurisdiction under Article III, [it is] properly raised in a motion to dismiss under [Rule] 12(b)(1).").  To satisfy Article III standing, a plaintiff must show that (1) he has suffered an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged actions of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–39 (2016); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).  The party attempting to invoke a court's jurisdiction bears the burden of proof for establishing jurisdiction.  *See Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

**B.    Rule 12(b)(6)**

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To survive a dismissal motion, a complaint need only satisfy the "minimal notice pleading requirements" of Rule 8(a)(2).  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir.

2003).  Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Iqbal*, 556 U.S. at 678 (holding that a claim must be "plausible on its face" to avoid dismissal).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).  However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Ultimately, there must be sufficient factual allegations "to give fair notice and to enable the opposing party to defend itself effectively," and the "allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear that any amendment could not save the complaint. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

4

## IV.    DISCUSSION

Defendants argue that the Court lacks jurisdiction to review Antunes's APA challenge while removal proceedings are ongoing.  (Mot. 9–13.)[5]

Under the APA, agency action is subject to judicial review only if it is made reviewable by statute or constitutes a "final" action "for which there is no other adequate remedy in a court."  5 U.S.C. § 704.  For an agency action to be "final" under the APA, it must: (1) "mark the consummation of the agency's decision-making process—it must not be of a merely tentative or interlocutory nature"; and (2) "be one by which rights or obligations have been determined, or from which legal consequences will flow."  *S.F. Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564, 577 (9th Cir. 2019).  A district court does not have jurisdiction to hear an APA challenge to an application to adjust status while removal proceedings are pending against the applicant.  *Cabaccang v. U.S. Citizenship & Immigr. Servs.*, 627 F.3d 1313, 1315–16 (9th Cir. 2010).

The Court finds that it lacks jurisdiction to review Antunes's challenge to USCIS's denial of her I-751 petition.  The Ninth Circuit addressed a very similar issue in *Cabaccang*.  There, the Ninth Circuit held that USCIS's denial of the plaintiffs' applications to adjust status was "not yet a final agency action" because the plaintiffs still had the "right to renew their applications" before an immigration judge ("IJ").  *Id.* at 1316.  The court reasoned that, when USCIS places a noncitizen in removal proceedings, the IJ could review USCIS's decision de novo and "may completely wipe away" USCIS's prior decision.  *Id.* ("The IJ then has unfettered authority to modify or reverse USCIS's denial of the [plaintiffs'] applications, regardless of USCIS's prior determination.").

Here, there is no dispute that removal proceedings are currently pending against Antunes.  (*See* NTA.)  Antunes will have the right to renew her application in removal

---

[5] As the Court finds that it lacks subject matter jurisdiction under Rule 12(b)(1), the Court does not reach Defendants' arguments under Rule 12(b)(6).

proceedings and the IJ presiding over Antunes's removal proceedings will review USCIS's decision de novo. *See Cabaccang*, 627 F.3d at 1316. USCIS's denial of Antunes's I-751 petition confirms this point. In its decision, USCIS clearly states that Antunes "will have the opportunity to seek review of [USCIS's] decision in removal proceedings before an immigration judge." (I-751 Decision.) Accordingly, USCIS's decision denying Antunes's I-751 petition is not a "final agency action" for the Court to review under the APA. *See* 627 F.3d at 1316 ("USCIS's denial of the [plaintiffs'] applications is not yet a final agency action because of the [plaintiffs'] right to renew their applications before the IJ.").

Antunes attempts to distinguish *Cabaccang* by arguing that USCIS's denial of her I-751 petition is "effectively final," even if she "can renew her application in removal proceedings. (Opp'n 4–5.) This argument distorts the rule of finality in the administrative process and contradicts the Ninth Circuit's holding in *Cabaccang*. As the Ninth Circuit noted, "[t]he imposition of an obligation or the fixing of a legal relationship is the indicium of finality in the administrative process." *Cabaccang*, 627 F.3d at 1315. Like in *Cabaccang*, "[h]ere, this indicium is lacking." *See id.* As Antunes will have the opportunity to seek review of USCIS's decision in removal proceedings before the IJ, USCIS's decision denying her I-751 petition "is not yet" a final agency decision. *See id.* at 1316.

Antunes also argues that jurisdiction vested at the time she filed her original complaint on June 20, 2025. (Opp'n 3–5, Dkt. No. 26.) However, the Ninth Circuit has expressly rejected this argument. *See Cabaccang*, 627 F.3d at 1317 (rejecting the plaintiffs' argument that "that jurisdiction vested with the filing of their original complaint"). As the Ninth Circuit noted in *Cabaccang*, even though the plaintiffs filed their lawsuit before USCIS began removal proceedings, the subsequent initiation of removal proceedings renders the action non-final and deprives the district court of jurisdiction. *Id.* ("[A]lthough jurisdiction is usually determined from the filing of the relevant complaint, after-arising events can defeat jurisdiction by negating the

ripeness of a claim."). "To hold otherwise would allow plaintiffs to confer jurisdiction on the federal courts simply by racing to the courthouse before the government initiates removal proceedings." *Id.*

The same is true here. That Antunes initiated this action before USCIS placed her in removal proceedings does not mean that the Court's jurisdiction vested and can never be defeated. *See id.* at 1317 ("[T]he pendency of removal proceedings now means [the plaintiffs'] claims are not ripe for judicial review."). Accordingly, the Court lacks jurisdiction to review Antunes's challenge of USCIS's denial of her I-751 petition under the APA. The Court finds Antunes's remaining arguments for subject matter jurisdiction unpersuasive.

### V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss for lack of jurisdiction. (Dkt. No. 25.) Specifically, the Court **DISMISSES** Antunes's First Amended Complaint **WITHOUT PREJUDICE** and **WITHOUT LEAVE TO AMEND**. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

March 11, 2026

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**